UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-14256-GRAHAM/LYNCH

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. )
)
) **PLAINTIFF'S MOTION FOR**
DAVID M. FISCHMAN, ) **SUMMARY JUDGMENT AND**
) **MEMORANDUM OF LAW**
    Defendant. )

    Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the SOUTHERN DISTRICT OF FLORIDA, hereby moves this Court, pursuant to Rule 56 (a), Federal Rules of Civil Procedure, for entry of summary judgment in favor of the United States and against the defendant in the full amount set forth in the Complaint. In support of this motion Plaintiff submits this Memorandum of Law, the Declaration of Rubio Canlas, and Loan Analyst for the United States Department of Education and a Statement of Material Facts pursuant to Local Rule 7.5.

## I. INTRODUCTION

    This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant, to recover on a defaulted student loan from the U.S. Department of Education. The loan was made by the Department under the William D. Ford Federal Direct Loan under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The United States seeks money damages in the amount owed on this federally guaranteed student loan.

## II. STATEMENT OF UNDISPUTED FACT

    A complete statement of facts is set forth in the declaration of Rubio Canlas ("Dec.") the Loan Analyst for the Department of Education which is filed herewith. Defendant, David M. Fischman, obtained a student loan in the amount of $100,272.82 under loan guaranty programs authorized under Title IV, Part D of the Higher Education Act of 1965 for the cost of his education, Composite Exhibit "A." Pursuant to the promissory note executed by Defendant, Defendant defaulted on his payment obligation on November 11, 2006. The holder demanded payment according to the terms of the promissory note, and credited $19,781.43 to the

principal owed on the loan.

A total of $19,724.90, in credits and/or payments including Treasury Department Offsets, were applied to the accounts since the loans were assigned to the Department of Education.

As of September 25, 2012, the defendant owes a total of $188,953.05 ($120,054.25 in principal and $67,553.80 at 8.250% in interest, and Taxed cost in the amount of $1,345.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $65.00 plus Attorney's Fees of $1,280.00, Composite Exhibit "B") pursuant to the Promissory Note , Exhibit "C".

### III. ARGUMENT

#### A. The United States of America Is Entitled To Judgment as a Matter of Law.

Summary judgment is proper if the record before the Court shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact to be decided at trial. When that burden is met, the burden shifts to the non-movant to demonstrate that there is a material issue of fact which would preclude a summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts in dispute must be **critical** to the outcome of the case and the dispute must be **"genuine,"** such that the evidence could support a verdict in favor of the non-moving party. Id. at 248 (emphasis added).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case. The burden then shifts to the borrower to show that the amount alleged to be due is not owing. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975).[1] In the absence of such proof, summary

---

[1] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

judgment in favor of the claimant is appropriate. Id.

Due to the relative simplicity of the issues involved, actions to enforce promissory notes are among the most suitable classes of cases for disposition by summary judgment. Colony Creek, Ltd. v. Resolution Trust Corp., et al., 941 F.2d 1323, 1325 (5th Cir. 1991) citing Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973); FDIC v. Cardinal Oil Well Servicing Co., 837 F.2d 1369, 1371 (5th Cir. 1988).

The material facts in this case are not in dispute. David M. Fischman executed the Promissory Note which is the subject of this action. The amount due on the note has not been paid.

### B. Defendant Has Failed to Raise a Valid Defense

Defendant applied for a student loan for the cost of his education. Defendant obtained the money and failed to repay it. The declaration of Rubio Canlas, Loan Analyst with the U.S. Department of Education filed herewith demonstrates that David M. Fischman defaulted on his payment obligation on November 11, 2006. Defendant obtained student loans in the amount of $100,272.82. Defendant "may not rest upon the mere allegation or denial of his pleading but . . . must set forth specific facts showing that there is an issue for trial." Anderson, 477 U.S. at 248. Here defendant must produce evidence of payment. Plaintiff has demonstrated that defendant received the loans and failed to repay it. The amount demanded is still due and owing. Plaintiff has the right to recover the amount due.

Defendant claims that in 1998, his loans were discharged in Bankruptcy. This defense is without merit as a matter of law and a fact. The Loan is non-dischargeable per 11 USC §523(a). Moreover, Defendant executed the subject consolidation note on March 6, 2001, after his bankruptcy discharge. The Default occurred on November 11, 2006, likewise, after his discharge.

### IV. CONCLUSION

Plaintiff has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Defendant has not raised any valid affirmative defenses. Therefore, this Court should grant summary judgment in favor of the United States and enter Judgment against the defendant, David M. Fischman, in the amount of $188,953.05 ($120,054.25 in principal and $67,553.80 at 8.250% in interest, and Taxed costs in the amount of $1,345.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $65.00

CASE NO.: 13-CV-14256-GRAHAM/LYNCH

and Attorney's Fees of $1,280.00, Composite Exhibit "B") pursuant to the Promissory Note, Exhibit "C".

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States
of America

ACTIVE: 5085111_1

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 OF 1

David M. Fischman

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/23/10.

On or about 03/06/01, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $100,272.82 on 04/17/01, at 8.25 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 11/11/06. Pursuant to 34 C.F.R. § 685.202(b), a total of $19,781.43 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $19,724.90 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $120,054.25 |
| Interest: | $ 46,842.10 |
| Total debt as of 08/23/10: | $166,896.35 |

Interest accrues on the principal shown here at the rate of $27.12 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/14/10

Loan Analyst
Litigation Support



EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID M. FISCHMAN,

    Defendants.

CIVIL ACTION

CASE NO.: 13-CV-14256-GRAHAM/LYNCH

### DECLARATION OF ATTORNEY'S FEES

**STATE OF FLORIDA** )
: ss
**COUNTY OF MIAMI-DADE** )

BEFORE ME, the undersigned authority, personally appeared Steven M. Davis who after being duly sworn, deposes and says:

    1. The undersigned is counsel for the Plaintiff herein and has personal knowledge of the facts contained in this Affidavit.

    2. That he has expended time associated with the Motion for Summary Judgment, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows:

| | |
|---|---|
| Review of documents prior to suit | 0.5 hr. |
| Preparation of correspondence to the Defendant | 0.5 hr. |
| Preparation and review of Complaint | 1.0 hr. |
| Review and Preparation of Executed Return of Service | 0.2 hr. |
| Review of Defendant's answer to Complaint | 0.2 hr. |
| Review of Order Directing Plaintiff to File Motion for Clerk's Entry of Default | 0.1 hr. |
| Preparation of Clerk's Entry of Default | 0.5 hr |
| Review of Vacated Order by Clerk of Entry of Default | 0.1 hr |
| Preparation and review of Agreed Motion to Vacate | 0.3 hr |



    Preparation of Motion for Summary Judgment   1.0 hr.

    Post Judgment Collection   2.0 hr.

    Total amount of time spent:   6.4 hrs

3. Plaintiff's counsel is entitled to attorney's fees pursuant to contract.

4. The undersigned has fully reviewed the time records and supporting data and this Motion is well grounded in fact and justified.

5. The undersigned's usual and customary fee is $200.00 per hour.

6. Based on the hours expended, and the undersigned's usual and customary fee, a reasonable award of attorney's fees is requested in the amount of $ 1,280.00

7. The Plaintiff does not request a hearing on this matter at this time.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Affiant's Signature

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:



CARLOS A. GARCIA
MY COMMISSION # EE 204240
EXPIRES: July 7, 2016
Bonded Thru Notary Public Underwriters

Borrower's Name: David M. Fischman
Borrower's Social Security Number: _____

## REPAYMENT PLAN SELECTION

Carefully read "What are my repayment plan options?" on the Frequently Asked Questions Page to understand the repayment plans available to you. Then, complete this section to select your repayment plan. Remember—
- All student loans must be repaid under the same repayment plan. Parent PLUS loans may be repaid under a different repayment plan.
- If you select the Income Contingent Repayment Plan, you must complete the "Repayment Plan Selection" and "Income Contingent Repayment Plan Consent to Disclosure of Tax Information" forms that accompany this application and promissory note. Your selection cannot be processed without these forms.
- **If you want to consolidate a defaulted student loan(s) and you have not made a satisfactory repayment arrangement with your current holder(s), you must select the Income Contingent Repayment Plan.**

Place an "X" in the box that corresponds to your repayment plan selection for each loan type. Note that Direct PLUS Consolidation Loans cannot be repaid under the Income Contingent Repayment Plan.

| | Income Contingent | Standard | Extended | Graduated |
|---|---|---|---|---|
| **STUDENT LOANS** Direct Subsidized and Unsubsidized Consolidation Loans : | [X] | [ ] | [ ] | [ ] |
| **PARENT LOANS** Direct Plus Consolidation Loans : | N/A | [ ] | [ ] | [ ] |

## PROMISSORY NOTE

**Promise to Pay:**
I promise to pay to the U.S. Department of Education (ED) all sums (hereafter "loan" or "loans") disbursed under the terms of this Promissory Note (note) to discharge my prior loan obligations, plus interest, and other fees that may become due as provided in this note. If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs. If ED accepts my application, I understand that ED will on my behalf send funds to the holder(s) of the loan(s) selected for consolidation in order to pay off this loan(s). I further understand that the amount of this loan will equal the sum of the amount(s) that the holder(s) of the loan(s) verified as the payoff balance(s) on that loan(s) selected for consolidation. My signature on this note will serve as my authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the return holder(s) of such loan(s).

This amount may be more or less than the estimated total balance I have indicated on the Loan Information Section. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of the consolidation loan.

I understand that this is a Promissory Note. I will not sign this note before reading it, including the text on the reverse side, even if I am advised not to read the note. I am entitled to an exact copy of this note and a statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand, and agree, to the terms and conditions of this note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities.

If consolidating jointly with my spouse, we agree to the same terms and conditions contained in the Borrower Certification and Authorization. In addition, we confirm that we are legally married to each other and understand and agree that we are and will continue to be held jointly and severally liable for the entire amount of the debt represented by the Federal Direct Consolidation Loan without regard to the amounts of our individual loan obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable or refuses to pay. We understand that the Federal Direct Consolidation Loan we are applying for will be cancelled only if both of us qualify for cancellation. We further understand that we may postpone repayment of the loan only if we provide ED with written requests that confirm Federal Direct Consolidation Loan Program deferment or forbearance eligibility for both of us at the same time.

I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.

Signature of Borrower _____

Signature of Spouse (if consolidating jointly) _____

MAR 1 3 2001

Date 3/6/01

Date _____

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-14256-GRAHAM/LYNCH

UNITED STATES OF AMERICA, )
)
Plaintiff, )
) **PLAINTIFF UNITED STATES**
vs. ) **STATEMENT OF MATERIAL FACTS**
) **PURSUANT TO LOCAL RULE 7.5**
DAVID M. FISCHMAN, )
)
Defendant. )

Plaintiff, United States of America, by and through the undersigned Private Counsel for the SOUTHERN DISTRICT OF FLORIDA, submits, pursuant to Rule 7.5 of the Local Rules of the SOUTHERN DISTRICT OF FLORIDA, this statement of material facts as to which Plaintiff contends there is no issue to be tried.

1. Defendant, David M. Fischman, obtained a student loan in the amount of $100,272.82 from the U.S. Department of Education for the cost of his education. The holder demanded payment according to the terms of the promissory note, and credited $19,781.43 to the principal owed on the loan.

2. The Note bore interest at the rate of 8.250% for Account No. 2010A87010 beginning on November 11th, 2006 when Defendant defaulted on his payment obligation.

3. Defendant's loan was made under William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685).

4. A total of $19,724.90 in credits and/or payments including Treasury Department Offsets, were applied to the defendant's account since the loans were assigned to the Department of Education.

CASE NO.: 13-CV-14256-GRAHAM/LYNCH

5. The government claims a balance on the Note of a total of $187,608.05 ($120,054.25 in principal and $67,553.80 in interest at the rate of 8.250% for Account No. 2010A87010). In accordance with the supporting documentation attached as Exhibits "A" and "B" to Plaintiff's Motion for Summary Judgment, together with taxed costs in the amount of $1,345.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $65.00, plus Attorney's Fees of $1,280.00, for a grand total owed of **$188,953.05.**

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Regular US Mail on __9__ day of October, 2013 to David M. Fischman at 6414 SE Ironwood Circle, Stuart, Florida 34997.

_____
Steven M. Davis, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-14256-GRAHAM/LYNCH

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
v. )
)
DAVID M. FISCHMAN, )
) **FINAL SUMMARY JUDGMENT**
      Defendant. )
_____)

     This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Final Summary Judgment against Defendant, David M. Fischman and the Court having reviewed the pleadings submitted on behalf of the Plaintiff and for good cause shown, it is hereby

     ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against defendant, David M. Fischman, upon the Complaint herein, and it is further

     ORDERED AND ADJUDGED that Plaintiff recover of the defendant, David M. Fischman, the sum of $188,953.05 ($120,054.25 in principal and $67,553.80 in interest at the rate of 8.250% for Account No. 2010A87010). In accordance with the supporting documentation attached as Exhibits "A" and "B" to Plaintiff's Motion for Summary Judgment, together with taxed costs in the amount of $1,345.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $65.00 plus Attorney's Fees of $1,280.00, for all of which sums let execution issue. It is further

     ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: Becker &

Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134. Defendant's address is:

David M. Fischman, 6414 SE Ironwood Circle, Stuart, Florida 34997.

DONE AND ORDERED in Chambers, in _____, FL, this ____ day of _____, 2013.

**DONALD L. GRAHAM**
**UNITED STATES DISTRICT JUDGE**

cc: Steven M. Davis, Esq.(Two Certified Copies)
    David M. Fischman, Pro Se