UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
--------------------------------------------------------------x
                                                              :
UNITED STATES OF AMERICA,
                                                              :       **2:13-cv-14256-DLG**
                    Plaintiff,
                                                              :
        -against-
                                                              :
DAVID M. FISCHMAN,
                                                              :
                    Defendant.
                                                              :
--------------------------------------------------------------x

FILED by _____ D.C.

**NOV 19 2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Defendant David Fischman ("Fischman"), *pro se*, submits this memorandum in support

of his motion, pursuant to Federal Rule 60, for an Order setting aside the Decision and Order of

this Court dated November 12, 2013 (the "Decision"), granting Plaintiff's motion for summary

judgment. (Docket No. 19[1]) The Decision was rendered without any consideration of Fischman's

opposition papers, and incorrectly concludes that no opposition was ever filed. As such,

Fischman respectfully requests that this Court set aside the Decision and decide the motion based

on a complete record, including the opposition papers annexed hereto as Exhibits A and B,

which were served on Plaintiff's counsel on November 11, 2013 (Exhibit C), and filed with the

Clerk if the Court on November 12, 2013. (Docket Nos. 17 and 18, according to the Clerk's

office.)

        By Order dated October 29, 2013 (the "Order") this Court directed that Fischman's

opposition to Plaintiff's motion for summary judgment be filed within 10 days of the date that the

Order was entered. The Order was entered on October 30, 2013. (Docket No. 16)  As such,

---

[1]        Fischman received the Decision in the mail on November 16, 2013.

pursuant to Federal Rule 6, Fischman understood that the last day he could file his opposition to

Plaintiff's motion for summary judgment in compliance with the Order was November 12, 2013.

According to Rule 7: "When the period is stated in days...." , you "exclude the day of the event

that triggers the period"(here October 30, 2013), and count every day, including intermediate

Saturdays, Sundays, and legal holidays; and ... include the last day of the period, but if the last

day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next

day that is not a Saturday, Sunday, or legal holiday." Ten (10) days from October 30, 2013,

when the Order was entered fell on Saturday November 9, 2013. Further, Monday, November

11, 2013, was Veteran's Day, which is defined as a "legal holiday" under Rule 6.[2] As such,

Fischman's opposition papers, filed on November 12, 2013, were timely.

    As set forth in the opposition papers, Fischman has valid and compelling defenses to

Plaintiff's motion for summary judgment. Fischman respectfully requests that this Court set

aside and vacate the Order of November 12, 2013, so that the motion can be decided on a full

and complete record, including the opposition papers filed herein and any reply submitted in

response thereto by Plaintiff.

Dated: Stuart, Florida
         November 18, 2013

                                    Respectfully submitted,

                            By: _____
                                    David M. Fischman, pro se
                                    6414 S.E. Ironwood Circle
                                    Stuart, Fl. 34997
                                    (561) 801-5768
                                    *Pro se Defendant*

---

[2]     The opposition papers, along with an executed copy of the status report required by the Court (Exhibit D), were sent to Plaintiff by email on November 11, 2013. Since Fischman is appearing pro se in this action, he could not electronically file the papers on that day. However, as discussed herein, the opposition was not due until November 12, 2013.

For the foregoing reasons, Fischman respectfully requests that this Court deny Plaintiff's

motion for summary judgment.

Dated: Stuart, Florida
           November 11, 2013

                                        Respectfully submitted,

                                        By: _____
                                             David M. Fischman, pro se
                                             6414 S.E. Ironwood Circle
                                             Stuart, Fl.  34997
                                             (561) 801-5768
                                             *Pro se Defendant*

To:

Steven M. Davis
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
(305) 262-4433
*Attorneys for United States of America*

3

To:

Steven M. Davis
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
(305) 262-4433
*Attorneys for United States of America*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
--------------------------------------------------------------x

UNITED STATES OF AMERICA,                                    :

                                    Plaintiff,               :          2:13-cv-14256-DLG

        -against-                                            :          **MEMORANDUM IN**
                                                                       **OPPOSITION TO**
DAVID M. FISCHMAN,                                           :          **SUMMARY JUDGMENT**

                                    Defendant.               :

                                                            :
--------------------------------------------------------------x

     Defendant David Fischman ("Fischman"), pro se, submits this memorandum in
opposition to Plaintiff's motion for summary judgment.  It is respectfully suggested that the
motion is premature. Fischman is entitled to production of the records relating to the alleged debt
as to determine of the subject loan was discharged in bankruptcy.

     Plaintiff contends that it is entitled to summary judgment because the defense asserted by
Fischman that "in 1998, his loans were discharged in Bankruptcy" is "without merit" because the
"Loan is non-dischargeable in bankruptcy".  (Plaintiff's Memorandum at 2) This statement of
law is not accurate.

     Fischman filed for bankruptcy on July 17, 1998, and was granted a discharge on
November 19, 1998.  (Exhibit 1)  At that time, 11 U.S.C. § 523(a), cited by Plaintiff, provided
for the discharge of student loan debts if the loan had first became due more than seven years
before the date of the filing of the petition or if the debtor could demonstrate that excepting the
debt from discharge would impose an undue hardship.[1]  Plaintiff's claim that the student loan at
issue here could not, as a matter of law, be discharged is simply wrong.  Fischman is a 1989

---

[1]     The seven year rule was eliminated for bankruptcies commenced on or after October 7, 1998. The seven
year rule thus applied to the bankruptcy at issue here, which was commenced before that date.

graduate of the New York College of Podiatric Medicine. (Exhibit 2) After a residency, Fischman began to repay his student loans. Due to financial hardships created by, *inter alia*, his student loan burden, Fischman retained an attorney and filed for bankruptcy on July 17, 1989. Fischman's student loans were in repayment for more than seven years before the bankruptcy filing, and were itemized as a debt seeking discharge. (Exhibit 3, Schedule F, page 4) Thus certain student loans were, to the best of Fischman's knowledge, discharged on November 19, 1998, in accordance with 11 U.S.C. § 523(a), as it existed at that time. (Exhibit 4) Nothing in the Plaintiff's motion papers suggests that such conclusion was wrong.[2] Discovery of the files relating to the loans at issue would reveal if the loans were discharged.

As for the March 6, 2001, promissory note referred to in the Plaintiff's motion, there was no "Loan" to consolidate. According to the text of the Note annexed as Exhibit C to the motion, Fischman was agreeing to disbursement of an unstated amount "to discharge my prior loan obligations, plus interest, and other fees that may become due ...." There simply was no consideration for such a promise, and even if there was, the "loan obligation" at that time may have been zero (and there certainly could not have been any interest accruing after the bankruptcy discharge if such loans are included therein). While there is a Loan Analysis certification submitted in support of the motion which states that a "loan was disbursed for $100,272.82 on 04/17/01" there is no indication as to where that loan was disbursed to and for what; it was not disbursed to Fischman who graduated school in 1989. At a minimum, Fischman is entitled to production of files relating to the alleged loan at issue to determine what loans allegedly funded it.

---

[2]      Not all loans could be discharged in bankruptcy. Fischman is aware of at least one such loan, which he continues to pay. (Exhibit 5)

2

# Exhibit 1

Frances D Sheehy Esq
1367 Lyons Rd
Coconut Creek, FL 33063

**UNITED STATES BANKRUPTCY COURT**
Southern District of Florida
Federal Building
701 Clematis Street, #202
West Palm Beach, FL 33401

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 7
OF THE BANKRUPTCY CODE,
MEETING OF CREDITORS, AND FIXING OF DATES**
(Individual or Joint Debtor No Asset Case)

Case Number: **98 - 33832- SHF**
Date Filed: 07/17/98

In Re:
David Marc Fischman, SSN: 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

ADDRESS OF DEBTOR
1420 Ocean Way #30A
Jupiter, FL 33477

Other names used by debtor(s):
David Fischman , David M. Fischman , Drs. E &
D Fischman, PA ,

Debtor(s)

NAME/ADDRESS OF ATTORNEY FOR DEBTOR
Frances D Sheehy Esq
1367 Lyons Rd
Coconut Creek, FL 33063

Telephone Number:954-977-6878

NAME/ADDRESS OF TRUSTEE
Adriane Gonzalez
10014 B Federal Hwy
Port St. Lucie, FL 34952

Telephone Number:561-398-0550

DATE/TIME/LOCATION OF MEETING OF CREDITORS
**September 9, 1998 at 02:00 pm**
Via Jardia Bldg.
330 Clematis St. Room 101
West Palm Beach, FL 33401

DEADLINE TO FILE COMPLAINT OBJECTING TO DISCHARGE OR TO DETERMINE DISCHARGEABILITY OF CERTAIN TYPES OF DEBTS: **11/09/98**

**WARNING: Without further notice or hearing the Court may dismiss your case for failure of the debtor to appear at the meeting of creditors or failure of the debtor to timely file required schedules, statements or lists.**

COMMENCEMENT OF CASE/CREDITORS MAY NOT TAKE CERTAIN ACTIONS: An order for relief has been entered on behalf of this debtor. The trustee named above is the interim trustee appointed by the U.S. trustee. Under 11 U.S.C. §362, the debtor is granted protection against creditors who are prohibited from taking certain actions against the debtor or property of the debtor. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor.

MEETING OF CREDITORS: The debtor (husband and wife in a joint case) is required to appear at the meeting of creditors scheduled as set forth above for the purpose of being examined under oath. Attendance by creditors is welcomed but not required.

DEADLINE FOR FILING CLAIMS/LIQUIDATION OF DEBTORS PROPERTY: The trustee will collect the debtor's property and turn any that is not exempt into money. AT THIS TIME HOWEVER, IT APPEARS THAT THERE ARE NO ASSETS FROM WHICH ANY DISTRIBUTION CAN BE PAID TO CREDITORS. DO NOT FILE A PROOF OF CLAIM AT THIS TIME. If assets are discovered at a later date, creditors will be notified and given an opportunity to file claims.

DEADLINE TO OBJECT TO EXEMPT PROPERTY: Under state and federal law, the debtor is permitted to keep certain money or property as exempt. Creditors must file objections to debtor's claims of exempt property within 30 days after the conclusion of the meeting of creditors or within 30 days of any amendment to the list of supplemental schedules.

ABANDONMENT OF PROPERTY BY TRUSTEE: Pursuant to Local Rule 607(A), the trustee will abandon at the meeting of creditors all property that the trustee has determined is of no value to the estate and file a report within 2 days. Objections to the report must be filed within 15 days of the meeting.

DEADLINE TO OBJECT TO DISCHARGE/DISCHARGEABILITY OF DEBTS: The deadline set forth above is the last day for filing an adversary complaint objecting to the discharge of the debtor under 11 U.S.C. §727 or to determine dischargeability of certain debts under 11 U.S.C. §523(a)(2), (4), (6) or (15). WRITING A LETTER TO THE COURT OR JUDGE IS NOT SUFFICIENT. An adversary complaint must be filed in accordance with the applicable rules. If no complaint objecting to the discharge is filed, the debtor may be granted a discharge. If no complaint objecting to dischargeability is filed, the debt may be discharged.

MISCELLANEOUS ITEMS: The court does not provide translating service. Translator must be certified and of no relation to the debtor. All documents filed in this case (other than proof of claims - which are filed in Miami) must be filed at the address for the court listed in the upper right hand corner of this notice.

Case filing information and deadline dates can be obtained free of charge by calling our Voice Case Information System: (305) 536-5979, (305) 536-5696 or (800) 473-0226.

For the court:                    Karen Eddy                          7/28/98
                          Clerk of the Bankruptcy Court                Date

1470477

**Exhibit 2**

# United States Bankruptcy Court
## Southern District of Florida

In re  David Marc Fischman

Case No.
Chapter  7

## SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | NO | 1 | $          100,000.00 | | |
| B - Personal Property | NO | 3 | $            2,500.00 | | |
| C - Property Claimed As Exempt | NO | 1 | | | |
| D - Creditors Holding Secured Claims | NO | 1 | | $        77,441.00 | |
| E - Creditors Holding Unsecured Priority Claims | NO | 1 | | $             0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | NO | 4 | | $       154,515.38 | |
| G - Executory Contracts and Unexpired Leases | NO | 1 | | | |
| H - Codebtors | NO | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | 1 | | | $             0.00 |
| J - Current Expenditures of Individual Debtor(s) | NO | 1 | | | $             0.00 |
| Total Number of sheets in ALL Schedules ▶ | | 16 | | | |
| Total Assets ▶ | | | $      102,500.00 | | |
| Total Liabilities ▶ | | | | $       231,956.38 | |

FORM B1

**United States Bankruptcy Court
Southern District of Florida**

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| Fischman, David Marc | |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| David Fischman | 98   33832 |
| David M. Fischman | |
| Drs. E & D Fischman, PA | |
| Soc. Sec./Tax I.D. No. (if more than one, state all): | Soc. Sec./Tax I.D. No. (if more than one, state all): SAF |
| Street Address of Debtor (No. & Street, City, State & Zip Code): | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| 1420 Ocean Way #30A | |
| Jupiter, FL 33477 | |
| County of Residence or of the Principal Place of Business:   Palm Beach | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

able box)

...nicled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date ...e longer part of such 180 days than in any other District.

...y case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Debtor (Check all boxes that apply) | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|
| ☐ Railroad | ☑ Chapter 7     ☐ Chapter 11     ☐ Chapter 13 |
| ☐ Stockbroker | ☐ Chapter 9     ☐ Chapter 12 |
| ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ...ness          ☐ Business | ☑ Full Filing Fee Attached |
| | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| Business (Check all boxes that apply) | Must attach signed application for the court's consideration certifying |
| ...iness as defined in 11 U.S.C. § 101 | that the debtor is unable to pay fee except in installments. |
| ...o be considered a small business under | Rule 1006(b). See Official Form No. 3. |
| (Optional) | |

...tive Information (Estimates only)

: funds will be available for distribution to unsecured creditors.
..., after any exempt property is excluded and administrative expenses paid, there will
...for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| ditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| FORM B1 | United States Bankruptcy Court<br>Southern District of Florida | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Fischman, David Marc | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br><br>David Fischman<br>David M. Fischman<br>Drs. E & D Fischman, PA | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all): | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>1420 Ocean Way #30A<br>Jupiter, FL 33477 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:  Palm Beach | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☒ Individual(s)<br>☐ Corporation<br>☐ Partnership<br>☐ Other _____ | ☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker | ☒ Chapter 7    ☐ Chapter 11    ☐ Chapter 13<br>☐ Chapter 9    ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☒ Consumer/Non-Business    ☐ Business | ☒ Full Filing Fee Attached.<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** *(This page must be completed and filed in every co.)* | **Name of Debtor:** David Marc Fischman | **Page 2** |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed:   **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature(s) of Debtor (Corporation/Partnership)** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| X ~~~~~~~~~~~~~~~~~~~~~~<br>Signature of Debtor | X **Not Applicable**<br>Signature of Authorized Individual |
| X **Not Applicable**<br>Signature of Joint Debtor | Print or Type Name of Authorized Individual |
| Telephone Number (if not represented by attorney)<br>**7-15-98**<br>Date | Title of Authorized Individual<br><br>Date |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X _[signature]_<br>Signature of Attorney for Debtor(s)<br><br>Frances D. Sheehy, 0759783<br>Printed Name of Attorney for Debtor(s) / Bar No.<br><br>**Law Office of Frances D. Sheehy**<br>Firm Name<br>1367 Lyons Road  Coconut Creek, FL 33063<br>Address<br><br>Telephone Number<br>**7-15-98**<br>Date | I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>**Not Applicable**<br>Printed Name of Bankruptcy Petition Preparer<br><br>**Not Applicable**<br>Social Security Number<br><br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>☐ Exhibit A is attached and made a part of this petition. | X **Not Applicable**<br>Signature of Bankruptcy Petition Preparer<br><br>Date |
| **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he/she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>X _[signature]_        **7-15-98**<br>Signature of Attorney for Debtor(s)        Date | A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156. |

In re: David Marc Fischman
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

Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Sears<br>86 Annex<br>Atlanta, GA 30386-001 | | | credit card | | | | |
| ACCOUNT NO.   350221040<br>The Structure Card<br>PO Box 659562<br>San Antonio, TX 78265-9562 | | | credit card | | | | $   183.20 |
| ACCOUNT NO.   0586062451<br>US Dept Health & Human Svc<br>Program Support Center<br>Division of Student Assistance<br>Rockville, Md 20857 | | | student loan | | | | $  6,878.00 |
| ACCOUNT NO.   068505245<br>USA Group<br>Marine Midland Bank<br>PO Box 6137, MC D3127<br>Indianapolis, IN 46206-6137 | | | student loan | | | | $ 56,446.01 |

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | ► | $64,627.21 |
| Total | ► | $154,515.38 |

Schedule F Page 4 of 4

In re:  David Marc Fischman
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

Case No.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 17 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date: 7/15/94

Signature: _____
David Marc Fischman

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C § 152

**Exhibit 3**



**Exhibit 4**

04/07/1999  12:37   5616973648          BRODY COHEN WINIG PA          PAGE  82

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

```
CLERK
U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA
FILED
November 19, 1998
```

In re (Name of Debtor(s))
Md Marc Fischman
N: 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
1420 Ocean Way #30A
Jupiter, FL 33477

Case Number: 98 - 33832 - SHF

Other names used by debtor(s):
David Fischman ,
David M. Fischman ,
Drs. E & D Fischman, PA ,

Chapter: 7

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, IT IS ORDERED:   The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated:  11/19/98

BY THE COURT

Steven H. Friedman
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

# Exhibit 5



**SallieMae**
PO BOX 9533
WILKES BARRE, PA 18773-9500

**Invoice**
(800) 345-6984
09/29/13

0001- 130929  0929 003593 005116 000001/000002 000000

DAVID FISCHMAN
901 W INDIANTOWN RD
STE 15
JUPITER FL 33458-6811

MAKE CHECK PAYABLE TO:   SALLIE MAE

AND SEND TO
OUR PAYMENT ADDRESS:   PO BOX 9533
WILKES-BARRE PA 18778-9533

ACCOUNT NUMBER:

011068298105 97888714108 000004141

CURRENT PHONE IS: (561) 000-0000
Changed your address or phone number?
Please visit www.SallieMae.com to update your information.

Please detach and return with payment.

| PAYMENT DUE DATE | PAYMENT AMOUNT DUE |
|---|---|
| 11/28/13 | $ 41.41 |

| PRINCIPAL BALANCE | MONTHLY PMT | NEXT DUE DATE | PAST DUE AMT | LATE FEE | TOTAL AMOUNT DUE |
|---|---|---|---|---|---|
| $ 1,990.85 | $ 41.41 | 11/28/13 | $ 0.00 | $ 0.00 | $ 41.41 |
| LAST PMT REC'D | LAST PMT AMT | TODAY'S DATE | OTHER CHARGES | | CORRESPONDENCE ADDRESS: |
| 09/19/13 | $ 100.00 | 09/29/13 | $ 0.00 | | PO BOX 9500 WILKES BARRE PA 18771-9500 |

Thanks for letting us take care of your education loan account and
invest in your potential. This notice is to inform you that your monthly
payment is due on the student loan(s) referenced below.

Try one of these three easy ways to pay:

- Enroll in automatic debit by applying online at SallieMae.com.
  You could qualify for a 0.25% interest rate reduction!*
- Create or log in to your account at SallieMae.com and use our Pay
  Now feature to make a one-time secure online payment.
- Mail us your check or money order, including your account number,
  using the invoice above.

Keep in mind, all payments must be made in U.S. dollars and drawn on a
U.S. bank.

We show the following information on your account:

Current Principal Balance          $   1,990.85
Interest Balance                   $      3.24

Paying More than the Minimum
If you pay more than the scheduled payment amount, we'll advance your
next payment due date by the number of whole payments satisfied by the
extra funds. Please note that interest will continue to accrue if you
choose to wait to make your next payment on the advanced due date.

**Loan Information** *If you have questions or concerns about your account, write to us at the address provided above.*
The list below includes all the loans in your account with us.  Loans marked with a star (*) are the loans referred to in this letter.

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|---|---|---|---|---|
| * 05/02/89 | $ 12,000.00 | $ 1,990.85 | 3.125 | HEAL |

PHONE (800) 345-6984    FAX (800) 848-1949    TDD/TTY (888) 833-7562    24 HRS/7 DAYS    www.salliemae.com

Para comunicarse en Español con 'Atención al Cliente',
llame gratis al 1-888-272-5543, y marque el numero correspondiente.


97888714108594599

P003   SYSTEM 0001                                    BLJ01

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,                           :

                                 Plaintiff,          :          **2:13-cv-14256-DLG**

      -against-                                 :          **RESPONSE TO**
                                                           **STATEMENT OF**
DAVID M. FISCHMAN,                                   :          **MATERIAL FACTS**

                              Defendant.          :

                                                               :
-------------------------------------------------------------------x

        Defendant David Fischman ("Fischman"), *pro se*, submits this response to the Plaintiff's

Statement of Material Facts.

        1.     Fischman admits that he obtained student loans for the cost if his education, and

states that he graduated from the New York College of Podiatric Medicine in 1989.  Fischman is

without knowledge as to the amounts of the promissory note referred to in Plaintiff's motion, or

credits thereto, but avers that on November 19, 1998, certain scheduled student loan obligations

were discharged in bankruptcy in the case of In re David Fischman, case no. 98-33832, which

was commenced on July 17,1998.

        2.     Fischman lacks knowledge to admit or deny paragraph 2 of the Plaintiff's

statement as the Note and documents relating to Account 2010A87010 have not been produced.

        3.     Fischman lacks knowledge to admit or deny paragraph 3 of the Plaintiff's

statement as the Note and documents relating to Account 2010A87010 have not been produced.

        4.     Fischman lacks knowledge to admit or deny paragraph 4 of the Plaintiff's

statement as the Note and documents relating to Account 2010A87010 have not been produced.

5.     Fischman admits that "the government claims a balance on the Note" in the

amount set forth in paragraph 5, but documents relating to the referenced account have not been

produced.

Dated: Stuart, Florida
        November 11, 2013

Respectfully submitted,

By: _____
        David M. Fischman, pro se
        6414 S.E. Ironwood Circle
        Stuart, Fl. 34997
        (561) 801-5768
        *Pro se Defendant*

To:

Steven M. Davis
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
(305) 262-4433
*Attorneys for United States of America*

2

# Exhibit C

-----Original Message-----
From: Dr. David Fischman <docfischman@aol.com>
To: SDAVIS <SDAVIS@bplegal.com>
Sent: Mon, Nov 11, 2013 2:01 pm
Subject: U.S. v. Fischman

Mr. Davis:

Attached please find my opposition to the plaintiff's summary judgment motion and my signed copy of the
status report. (Copies being transmitted by UPS next day delivery as well.)

Please note with respect to the status report I added by typewriter a line to paragraph no. 5 concerning
discovery.

Thank you.


**Dr. David M. Fischman**

901 West Indiantown Road
Jupiter, Florida 33458
(561) 575-2266
www.fischmanfootandankle.com

**Exhibit D**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-14256-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

              Plaintiff,

v.

DAVID M. FISCHMAN,

              Defendant.

_____

### JOINT STATUS REPORT

    COMES NOW PLAINTIFF, United States of America, by and through its undersigned counsel and DEFENDANT David M. Fischman and file this Joint Status Report to the Court and state as follows:

    1.    Plaintiff filed its complaint against Defendant to collect on a defaulted student loan from the Department of Education in the amount of $199,854.28 ($120,054.25 in principal and $78,455.03 at 8.250% in interest through November 1st, 2013, plus a Fee for Service and Travel, per 28 U.S.C § 1921 and Attorney's Fees).

    2.    Plaintiff served Defendant Individually/Personally by delivering a true copy of the Summons in a Civil Action and Complaint on July 13, 2013. Defendant electronically filed his Answer to the Complaint on October 4, 2013. Plaintiff electronically filed Motion for Summary Judgment with the Federal Court on October 9, 2013.

    3.    "Plaintiff alleges that this defense is without merit as a matter of law and a fact. According to Plaintiff, the loan is non-dischargeable per 11 U.S.C § 523(a).

    Defendant contends that the subject bankruptcy was commenced on July 17, 1998, and at that time, 11 U.S.C. § 523(a) provided for the discharge of the student loans if the loan had first become due more than seven years before the date of the filing of the petition or if the debtor could demonstrate that excepting the debt from discharge would impose an undue hardship, and Defendant claims that both elements were met.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • Alhambra Towers • 121 Alhambra Plaza • 10th Floor • Coral Gables, FL 33134
TELEPHONE (305) 262-4433

As such, Defendant contends he was discharged and there was no consideration for subject consolidation note of March 6, 2001."

4.   Motion pending is Motion for Summary Judgment, filed by Plaintiff, United States of America, on October 9, 2013.

5.   David M. Fischman executed the Promisory Note on March 6, 2001 which is the subject of this action, there is no discovery needed., according to Plaintiff. David M. Fischman would seek discovery of the loan files at issue in this action.

6.   The projected time needed for trial is one hour, no jury required.

7.   There are no unique legal or factual aspects of the case requiring special consideration by the Court.

8.   The parties are discussing Settlement.

9.   Parties agree to elect Magistrate Judge for (v) Final Disposition by the Magistrate Judge of Motions for Summary Judgment.

9b.   There are no unique issues in the case which should be referred to a Special Master.

10.   Plaintiff's counsel will provide all the necessary copies to all concerned parties.

WHEREFORE, Plaintiff, United States of America prays for this Court to keep this case pending.

Date: November 11, 2013

_____
David M. Fischman, Defendant
6414 SE Ironwood Circle
Stuart, Florida 34997

Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

Date:_____     By _____
                               STEVEN M. DAVIS
                               Florida Bar No. 894249

5106048

Dr. David M. Fischman
901 W. Indiantown Rd. #15
Jupiter, FL 33458

UNITED STATES COURTHOUSE
CLERK OF THE COURT
101 SOUTH U.S. HWY ONE, RM 1016
FT. PIERCE, FL 34950